On March 10, 1995, the Stark County Grand Jury indicted appellant, Eugene Wilds, on one count of rape in violation of R.C. 2907.02, two counts of felonious sexual penetration in violation of R.C. 2907.12, three counts of aggravated burglary in violation of R.C. 2911.11 and one count of attempt to commit aggravated burglary in violation of R.C.2923.02. The sexually related charges arose from incidents involving two adult women. On June 27, 1995, appellant pled guilty to the charges. By judgment entry filed June 30, 1995, the trial court sentenced appellant to a total aggregate indeterminate term of sixteen to forty years in prison. On May 17, 2000, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed May 18, 2000, the trial court classified appellant as a "sexual predator." Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III
This court has previously reviewed these arguments in State v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein. See also, State v. Williams (2000), 88 Ohio St.3d 513. Assignments of Error I, II and III are denied.
 IV
Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09(B)(3). We disagree. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court had before it the indictment, appellant's plea and sentencing, appellant's taped statements given to police and an institutional summary report. The indictment alleged appellant inserted "a part of his body, or an instrument, apparatus, or other object into the vaginal cavity" of two adult women, compelling them to submit by force or threat of force. Appellant also engaged in sexual conduct with one of the women. The indictment also alleged various aggravated burglaries and an attempted aggravated burglary. Appellant pled guilty to these crimes on June 27, 1995. In his taped statements, appellant admitted to committing four separate break-ins or attempted break-ins from 1991-1995. See, Statements attached to Response to Request for Discovery filed March 31, 1995. During one break-in, wherein appellant had been watching the victim, appellant entered the house and sexually assaulted her. Id. Another time, appellant described how he observed a woman sleeping on the couch so he scouted out the area, broke in and sexually assaulted her. Id. In two other instances, appellant scouted out women but was scared off. Id. Appellant admitted to police that he intended to rape these women. Id. The state described appellant's actions as follows: However, there were multiple victims, at least two, and attempted — at least according to the police — two other attempts to assault women, so those attempts were foiled. So over a four and-a-half year period of time he would walk around, look in windows and try to find women who were alone and then would enter their homes and, under cover of darkness, then go in and either sexually assault them or try to sexually assault them. Ah, it was an extremely calculated, ah, calculated series of events. He would go in and try to find an exit route, he would physically unlock doors, he would turn off lights. And on one occasion, ah, where he assaulted the victim, ah — and I believe it's the victim that is present — he held a knife to her and he told her that if she screamed or if she tried to get away he would physically harm her and he raped her at knife point. T. at 11-12.
At the conclusion of the hearing, the trial court stated the following: The Court has had the opportunity to review the exhibits in this matter and the information provided here in the courtroom. And the Court has also reviewed all of the criteria required for determination as to the appropriate classification status, including all the statutory, ah, specified factors, along with the catchall part of the statute, which indicates that the Court may consider any other relevant characteristics that contribute to the offender's conduct or to the classification.
* * *
Now, having said all of that, the Court has had the opportunity to review all of the evidence presented today and the exhibits and the Court would find by clear and convincing evidence — although the standard here has actually been met more than enough of that — that, ah, the defendant in this case would classify as and will in fact be classified as a sexual predator, which indicates that he will be so designated through the prison system.
* * *
It would be my specific findings in this matter that, in looking at all of the criteria, that Mr. Wilds clearly, ah, by clear and convincing evidence, would classify as a sexual predator. There are multiple victims, involve multiple break-ins, a pattern of activity over numerous years of attempting to obtain sexual gratification by the use of violence, ah, on numerous women, that he was involved in stalking these women by well planning out each of those attempted sexual crimes and that the fact there is no doubt in my mind, in looking at the offenses, in looking at his statements, that if he had not been apprehended, that he would have continued in the conduct. The sexual conduct involved was violent. There was weapons used and in the one assault in particular. T. at 21, 22 and 24-25, respectively.
Based upon our review of the record, we find the trial court's conclusion in determining appellant to be a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Assignment of Error IV is denied. The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Reader, V.J. concur.